IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KERMIT O. ROGERS                                                                                     PLAINTIFF

V.                                                                              CAUSE NO.: 1:13CV243-SA-DAS

CITY OF TUPELO, MISS., ET AL.                                                             DEFENDANTS

ORDER TO SHOW CAUSE

Defendants Lee County, Jim Johnson, Samuel T. Warren (the Lee County Defendants), as well as the City of Tupelo and Paul Howell (the Tupelo Defendants), have moved for summary judgment on Plaintiff's claim that items taken from him and later sold at auction were illegally seized. In particular, Defendants contend that the seized property was subject to disposition by civil forfeiture action pursuant to the Uniform Controlled Substances Law. In response, Plaintiff contends that the property seized from his residence was fruit of the poisonous tree such that the forfeiture action and auction undertaken by Defendants was unlawful.

Kermit Rogers was arrested on suspicion of selling crack cocaine on three separate occasions to a confidential informant. On June 17, the date he was arrested, officers executed a search warrant on the property where the confidential informant made the buys and found 5.89 grams of crack cocaine in the residence and 189.73 grams of crack cocaine in the red truck parked by a building 200 to 250 yards away from the residence. Pursuant to Rogers' arrest, officers seized a number of items and later sold them at auction. Of contention, Rogers asserts that four vehicles were seized, including the red truck in which the narcotics were found, a motorcycle, and approximately twenty-six firearms. Rogers claims the property seized was worth approximately $27,000.

Rogers was charged and pled guilty in the Lee County Circuit Court of three charges of selling crack cocaine. The State instituted the forfeiture proceedings by filing a petition on June 22, 2009. In that Petition, the State averred that the property sought to be forfeited was "lawfully seized" pursuant to the Mississippi Uniform Controlled Substances Law. The summons was personally delivered to Rogers and explained that he had thirty days from delivery of the summons and complaint to file a pleading or otherwise defend or a judgment by default would be entered against him for the property demanded in the complaint.

On August 24, 2009, the State filed an Application for Entry of Default noting that Rogers was personally served but that as of the date of the Application, no answer had been filed with the court clerk. The Entry of Default was docketed that day. Thereafter, the State filed a Motion for Default Judgment, which was granted and entered on August 31, 2009. That Order held that "the interest held by Kermit O. Rogers in the defendant property is hereby forfeited and pursuant to Miss. Code Ann. [§]41-29-179(4) as amended, the defendant property is released to the North Mississippi Narcotics Unit to be used according to law."

The United States prosecuted Rogers based on the narcotics found in the red truck. However, after an evidentiary hearing, the district court granted Rogers' motion to suppress finding the search warrant to be deficient and thus concluding that the narcotics found in the red truck were illegally obtained in violation of the Fourth Amendment.

Plaintiff filed this Section 1983 action alleging, among other claims, that "[t]he auction of the property . . . constituted an unlawful seizure of Plaintiff's property." Defendants contend that the proper civil channels and procedures outlined in the Uniform Controlled Substances Law were followed and Rogers failed to indicate any claim to the property at that time the civil forfeiture proceedings were ongoing.

Article III of the United States Constitution limits federal courts to deciding actual cases or controversies. U.S. CONST. art III, § 2. Standing is a vital component of the case-or-controversy requirement. Grant ex rel. Family Eldercare v. Gilbert, 324 F.3d 383, 386 (5th Cir. 2003). Although not raised by the parties, the court is obliged to consider whether the plaintiff has standing to bring forth certain claims in this forum. FW/PBS, Inc. v. City of Dall., 493 U.S. 215, 231, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines."). Here, the Court is concerned that Rogers has no standing to contest the sale of the property as a state court adjudicated prior to the auction that Rogers had no claim to the property seized from Rogers' residence.[1]

As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing the three essential elements of Article III standing: (1) injury in fact, (2) causation, and (3) redressability. Delta Commercial Fisheries Ass'n v. Gulf of Mexico Fishery Mgmt. Council, 364 F.3d 269, 272 (5th Cir. 2004).

"To show injury in fact, a plaintiff must demonstrate an injury that is concrete, distinct and palpable, and actual or imminent." Id. (citation and quotation marks omitted). "[I]njury in fact is the invasion of a legally protected interest." Pederson v. La. State Univ., 213 F.3d 858, 870-71 (5th Cir. 2000) (citation and quotation marks omitted). The second requirement is satisfied when there is a sufficient causal connection between the plaintiff's injury and the defendant's conduct. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Standing's redressability requirement is satisfied when it is "likely" that the

---

[1] "The Full Faith and Credit Act, 28 U.S.C. Section 1738, requires federal courts to give the same preclusive effect to state court judgments that those judgments would receive in the courts of the state from which the judgments emerged." Capital City Ins. Co. v. Hurst, 632 F.3d 898, 903 (5th Cir. 2011) (citation omitted). There is no evidence that Rogers has previously challenged the state court judgment.

3

injury will be "redressed by a favorable decision." Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 38, 96 S. Ct. 1917, 48 L. Ed. 2d 450 (1976).

Plaintiff asserts that the "auction of the property" was an unlawful seizure. See Complaint [1], at ¶51. The auction occurred after the default judgment was entered determining Rogers' rights in that property to be forfeited. Indeed, the United States Supreme Court has recognized that resolution of an underlying state court forfeiture proceeding meant there was no "actual controversy between the parties about ownership or possession of the underlying property." Alvarez v. Smith, 558 U.S. 87, 92, 130 S. Ct. 576, 175 L. Ed. 2d 447 (2009) (finding that where certain parties had defaulted at a forfeiture proceeding and others had settled with the State, the parties' lack of ownership in the property made the challenge of the forfeiture proceedings moot despite a separate court's determination that the search and seizure of such items were improper under the Fourth Amendment). Thus, as of the state court default judgment dated August 31, 2009, it would appear that Rogers had no legally protected interest in the property later auctioned. The Court assumes from Plaintiff's challenge to the auction of the property that Rogers believes he had some interest remaining in the property seized from his residence after that default judgment. However, no case law was presented during briefing on the Motion for Partial Summary Judgment regarding the standing of a plaintiff who failed to participate in civil forfeiture proceedings and whose property was determined to be forfeited under law to contest the auction of the property even where the property was the product of an illegally seizure.

Accordingly, the Plaintiff is hereby ordered to SHOW CAUSE as to what legally protected interest he had in the property auctioned in light of the County Court of Lee County's

Default Judgment forfeiting his interest as of August 31, 2009. Plaintiff's brief is due within fourteen days. Defendants may respond within seven days of Plaintiff's brief being filed.

SO ORDERED, this the 31st day of March, 2015.

                                                  **/s/ Sharion Aycock**
                                                  **U.S. DISTRICT JUDGE**