IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KERMIT O. ROGERS                                                                                    PLAINTIFF

V.                                                                          CAUSE NO.: 1:13CV243-SA-DAS

CITY OF TUPELO, MISS., ET AL.                                                                DEFENDANTS

MEMORANDUM OPINION

Plaintiff has moved for partial summary judgment on the grounds that a prior federal court order in his criminal case established that Defendants violated Plaintiff's constitutional rights. In particular, Plaintiff argues that the doctrines of res judicata and/or collateral estoppel preclude a defense to his claim that his Fourth and Fourteenth Amendment rights were violated. The Defendants argue that the elements for those doctrines cannot be met and do not apply in this instance.

*Factual and Procedural Background*

On information from a confidential informant who allegedly purchased crack cocaine from Kermit Rogers at 320 CR 401 on three separate occasions, the North Mississippi Narcotics Unit, and Samuel Warren in particular, obtained a search warrant for the residence, motor vehicles, and outbuildings on that property from Justice Court Judge Pat Carr. Warren and Paul Howell, Tupelo Police Department officer and commanding officer of the North Mississippi Narcotics Unit, were present during the execution of that search warrant. At the scene, officers noticed other buildings and motor vehicles behind the residence at 320 CR 401. Warren allegedly called Justice Court Judge Pat Carr to inquire about an extension of the scope of the warrant to include the additional buildings and motor vehicles. According to Warren, Judge Carr assented to the further search, but neither party documented the conversation in any way. A

search of the red truck at address 320A CR 401 led to the discovery of a large quantity of crack cocaine. A smaller amount was also found in the original residence along with two firearms.

While Rogers was indicted and eventually pled guilty to three counts of selling a controlled substance in the Lee County Circuit Court under Mississippi law, the North Mississippi Narcotics Unit contacted the United States Attorney's Office in Oxford, Mississippi, to pursue charges related to the larger amount of crack cocaine found in the red truck.

In the federal prosecution, Rogers filed a motion to suppress the evidence found in the red truck on the basis that the search was outside the bounds of the search warrant. The district judge denied that motion based on the representations from the government that the red truck was "parked in the back of the residence located at 320 CR 401." Rogers entered a conditional guilty plea to the distribution charge, reserving his right to appeal the district judge's denial of his suppression request. The Fifth Circuit Court of Appeals remanded that appeal back to the district court for an evidentiary hearing.

After the hearing, the district court entered an Order and Memorandum Opinion suppressing the crack cocaine found in the red truck. In particular, the court held that the search of Rogers' red truck was unreasonable and not within the scope of the search warrant. Finding that probable cause existed as to the search of the residence at 320 CR 401, the court noted that the officers did not have probable cause to search the building or the red truck located at 320A CR 401 and no exception to the exclusionary rule applied.

Warren testified at the suppression hearing that he made a telephone call to Judge Carr while the judge was out at lunch to extend the scope of the warrant or to ensure the legality of the search of the additional buildings and vehicles. Judge Carr was not called to testify, and the prosecutor asserted at the hearing that Judge Carr had no recollection of the call from Warren to

extend the warrant. The district court found that the officers' request for extension of the scope of the warrant by telephone call to the justice court judge, if believed, was not properly undertaken pursuant to Federal Rule of Criminal Procedure 4.1. Further, because no mention of the call for extension of the scope of the warrant was mentioned prior to Warren taking the stand, the court was skeptical of such testimony.

In concluding its opinion, the district court expressed concerns about the handling of the search in this instance and those involved. In particular, the court noted:

> The prosecution in this case was more interested in securing the conviction of a drug dealer than doing so with full candor to the court and within the limitations of the Constitution. The government in this case represented to the court that the red truck in which the drugs were found was "parked in the back of the residence located at 320 CR 401" and thus within the purview of the warrant.

In light of those allegations by the court, the United States Attorney filed a Motion for Partial Reconsideration insisting that the representations made by that office were only based on information provided by the officers' investigative reports. The motion contends that "the inaccuracy was the unfortunate result of an inaccurate investigation and perpetual mischaracterization of the location of the pickup truck by the investigating agents." In response, the court entered an amended opinion that stated:

> The investigating officers in this case were more interested in securing the conviction of a drug dealer than in doing so with full candor to the court and within the limitations of the Constitution. The government, without going to view the buildings in question, took these officers word that the defendants' [sic] truck was parked "behind the residence." Based upon the officers' statements, the government in this case represented to the court that the red truck in which the drugs were found was "parked in the back of the residence located at 320 CR 401" and thus within the purview of the warrant. While this fact is literally true, it is deceptive.

The evidence was thus suppressed and the federal indictment and superseding indictment were dismissed thereafter.

Based on the district judge's finding that "[t]he actions of the law enforcement officers violated the Fourth Amendment," Rogers here seeks summary judgment on his Fourth and Fourteenth Amendment claims.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "set forth 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). However, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little, 37 F.3d at 1075.

*Discussion and Analysis*

Plaintiff argues pursuant to res judicata and/or collateral estoppel that the district court's Order and Opinion that Defendant violated Rogers' clearly established constitutional rights under the Fourth and Fourteenth Amendments must be recognized in this litigation. The doctrine of collateral estoppel applies to prevent issues of ultimate fact from being relitigated between the same parties in a future lawsuit if those issues have once been determined by a valid and final judgment. Ashe v. Swenson, 397 U.S. 436, 443, 25 L. Ed. 2d 469, 90 S. Ct. 1189 (1970); Copeland v. Merrill Lynch & Co., Inc., 47 F.3d 1415, 1421-22 (5th Cir. 1995). Fifth Circuit courts "apply federal law to the question of the res judicata or collateral estoppel effect of prior federal court proceedings, regardless of the basis of federal jurisdiction in either the prior or the present action." Jackson v. FIE Corp., 302 F.3d 515, 529 n.58 (5th Cir. 2002). Because Rogers requests application of those doctrines to the district court's judgment suppressing evidence in his criminal case, the Court applies federal law.

Generally, federal courts apply collateral estoppel "when four conditions are met: (1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine." Copeland, 47 F.3d at 1421-22. In the Fifth Circuit, "the party seeking collateral estoppel effect has the burden of proving this to be so." Anderson, Clayton & Co. v. United States, 562 F.2d 972, 992 (5th Cir. 1977) (citing United States v. Int'l Building Co., 345 U.S. 502, 506, 73 S. Ct. 807, 97 L. Ed. 1182 (1953)).

In deciding issues of collateral estoppel, the "[t]he right to a full and fair opportunity to litigate an issue is, of course, protected by the due process clause of the United States

Constitution." Hardy v. Johns-Manville Sales Corp., 681 F.2d 334, 338 (5th Cir. 1982). Accordingly, for collateral estoppel to apply, "a person against whom the conclusive effect of a judgment is invoked must be a party or a privy to the prior judgment." Id. As a general matter, "[p]rivity can be found if one party controlled the earlier lawsuit and its interests were represented by the party to the first suit." Drier v. Tarpon Oil Co., 522 F.2d 199, 200 (5th Cir. 1975) (internal quotation marks omitted); Freeman v. Lester Coggins Trucking, Inc., 771 F.2d 860, 864 (5th Cir.1985) (quotation omitted).

"To have control of litigation requires that a person have effective choice as to the legal theories and proofs to be advanced in behalf of the party to the action. He must also have control over the opportunity to obtain review." Hardy, 681 F.2d at 339 (quoting Restatement (Second) of Judgments 39, comment c (1982)). "[L]esser measures of participation without control do not suffice. Thus it is not enough the nonparty supplied an attorney or is represented by the same law firm; helped to finance the litigation; appeared as an amicus curiae; testified as a witness; participated in consolidated pretrial proceedings; undertook some limited presentations to the court; or otherwise participated in a limited way. Even a nonparty who was 'heavily involved' may remain free from preclusion." Benson & Ford, Inc. v. Wanda Petroleum Co., 833 F.2d 1172, 1174 (5th Cir. 1987) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4451, at 432-33 (1981)). It is essential that the nonparty have actual control. See, e.g., Montana v. United States, 440 U.S. 147, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979); Freeman, 771 F.2d at 864 n.3.

The Fifth Circuit, in a situation very similar to this one, has held that no privity exists between prosecutors and law enforcement officers such that collateral estoppel applies. McCoy v. Hernandez, 203 F.3d 371 (5th Cir. 2000). There, the Fifth Circuit affirmed a district court's

6

refusal to apply the doctrine of collateral estoppel in a Section 1983 action against officers in the Dallas Police Department. Id. at 373. During McCoy's underlying criminal prosecution, the court held that the search of his home violated the Fourth Amendment, granted a motion to suppress, and excluded the introduction of the discovered firearm into evidence. Id. His later filed Section 1983 case alleged that defendants falsely arrested him and conducted an illegal search of his home. Id. at 373-74. McCoy asserted that the search of his home had already been found to be illegal, and thus, the doctrine of collateral estoppel should be applied as to that issue. Id. at 374. The district court denied that request. Id. The Fifth Circuit noted that "[i]n the present case, privity of the parties is the central question in determining whether collateral estoppel may be asserted against the defendant officers." Id. The Court found that as the officers were "merely witnesses" that they did not control the prosecution of McCoy. Id. The Court noted that the officers "did not participate in the questioning of witnesses, influence the planning of trial strategy, nor could they appeal the ruling of the court at the suppression hearing." Id. Further, the Court held that the prosecution did not represent the officers' interest because their "primary objective in the criminal proceedings was to secure a conviction of McCoy, not to demonstrate that the officers had performed their functions properly." Id. Therefore, the Court held that the officers were not in privity with the prosecuting authority and "thus the district court properly refused to apply the doctrine of collateral estoppel." Id.

Here, Defendants City of Tupelo, Lee County, Sheriff Jim Johnson, Samuel Warren and Paul Howell contend they were not parties to the underlying federal criminal case and were not in privity with the United States which prosecuted Rogers. Defendants contend they had no influence on the United States' trial strategy. Indeed, Howell and Warren were only called to testify once the Fifth Circuit remanded the case for an evidentiary hearing. Had there been no

7

appeal of the original denial of the motion to suppress, it is unlikely Warren and Howell would have played any part in the federal prosecution of Rogers.  Defendants were not allowed to question other witnesses, and could not appeal any adverse rulings.  In this case, Defendants have attached the deposition testimony of Judge Carr in which he recalls the facts and circumstances surrounding the search warrant and the telephone call requested an extension, the same call which the federal prosecutor alleged the judge did not remember.  Defendants contend that if they had any influence or control of the trial strategy, Judge Carr would have been called to the stand.

Moreover, Defendants note that the federal prosecuting agents did not protect the state law enforcement officers' interests. Defendants point to the Motion for Partial Reconsideration filed by the United States Attorney's Office in which the federal prosecutors clearly blamed the state law enforcement officers for miscommunicating information to the prosecutor.  The federal prosecutors went so far as to request the Court to clear their name and reputation while blaming the Defendants here.  Indeed, Defendants claim that the United States Attorney's Office "threw them under the bus" in order to protect their own interests to the detriment of the state law enforcement officials. Clearly, the United States Attorney's primary objective was securing Rogers' conviction, not to demonstrate that the officers performed their duties properly.

The Court finds that there is no privity between the Defendants here and the United States Attorney's Office that prosecuted the criminal case against Rogers in which the search of the red truck was found to violate the Fourth Amendment.  Accordingly, the doctrines of collateral estoppel and res judicata do not apply to that finding.

*Conclusion*

Plaintiff's Motion for Partial Summary Judgment [80] is DENIED. The Court refuses to recognize any preclusive effect of the determination in the federal criminal prosecution regarding the Fourth Amendment violation as Defendants had no control over the proceedings and their interests were not represented by the prosecuting authority.

SO ORDERED, this the 31st day of March, 2015.

                                             **/s/ Sharion Aycock**
                                             **U.S. DISTRICT JUDGE**