IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KERMIT O. ROGERS                                                                              PLAINTIFF

V.                                                                        CAUSE NO.: 1:13CV243-SA-DAS

CITY OF TUPELO, MISS., ET AL.                                                          DEFENDANTS

ORDER

Plaintiff requests that the Court reconsider its grant of Defendants' Motion for Summary Judgment and dismissal of his case for four reasons. Three of those reasons were considered at the summary judgment stage, and Plaintiff has failed to show clear error on those points. However, Plaintiff has demonstrated that one claim previously dismissed should be reconsidered. Accordingly, the Plaintiff's Motion for Reconsideration [160] is DENIED in part and GRANTED in part.

*Factual and Procedural Background*

This Court granted summary judgment on all Plaintiff's claims by Order and Memorandum Opinion dated May 29, 2015. Summary judgment was granted to the individual officers on the basis of qualified immunity[1] and the police function exemption of the MTCA. The Court further held that Plaintiff lacked standing to challenge the forfeiture of property once it was defaulted by state court proceeding and that a Fourteenth Amendment claim was not legally viable. Lastly, the Court found that the City and County had no liability under Section 1983 as there was no policy or custom of extending warrants by telephone, that the officers were sufficiently trained on search warrant procedure, and there was no evidence of deliberate indifference on the part of the municipal entities.

---

[1] The individual officers moved for qualified immunity protection as to the Fourth Amendment claims, and that immunity was granted.

Plaintiff now claims that the Court should reconsider the following four points: (1) Rogers' Due Process rights were violated as he was convicted as a result of the false and misleading testimony presented by the Defendants in the prosecution of Rogers; (2) a genuine issue of material fact exists regarding the alleged phone call to Judge Pat Carr; (3) the red truck was not registered to the 320 CR 401 address, and therefore, the search of the red truck was not reasonable; and (4) malice is a question of fact and must be decided by a jury as to Rogers' claim for malicious prosecution.

*Motion for Reconsideration Standard*

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Plaintiff's Motion for Reconsideration [160] was filed within twenty-eight days of the Court's Memorandum Opinion and Order [158, 159] of May 29, 2015, and Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem. Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica County*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the

entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). Indeed, it is "an extraordinary remedy that should be used sparingly." *Id*. Moreover, before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

*Discussion and Analysis*

1. <u>Rogers' Due Process Claims</u>

In the Memorandum Opinion, the Court explained that Rogers' claims for substantive and procedural due process violations under the Fourteenth Amendment were not legally recognized. In particular, the Court noted that such claim, i.e., that plaintiff was convicted with false evidence, is not an appropriate Fourteenth Amendment issue, and in fact had been foreclosed by the United States Supreme Court in *Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994). *Albright* indicated that the Fourth Amendment was the more appropriate avenue to challenge a pretrial deprivation of liberty by criminal defendants. 510 U.S. at 274, 114 S. Ct. 807. Rogers filed the Motion for Reconsideration claiming that his conviction was obtained through the use of false and misleading evidence, and that the Court mistakenly noted that he had not been convicted of a crime based on false evidence.

Plaintiff supplemented the record with a Fifth Circuit opinion subsequently released which he contends supports his reconsideration. That recent Fifth Circuit authority recognized a due process violation under the Fourteenth Amendment where police officers intentionally fabricated evidence and the Fourth Amendment was unavailing. The case, *Cole v. Carson*, 802 F.3d 752 (5th Cir. 2015), involved a near fatal shooting of a seventeen-year-old suspect. When

informed that Ryan Cole, a junior in high school, was carrying at least one gun and acting aggressively, the police began searching for him. *Id*. at 755. Three police officers surrounded him and pointed their guns his way as Cole, who was not aware of the officers, attempted to turn toward the location where his grandparents said they would pick him up. Two officers opened fire, hitting Cole twice. Cole's gun, which was pressed against his own head during this incident, discharged and shot into his head. *Id*. at 756. After the shooting, the three officers were permitted to confer before making their statements to police investigators. *Id*. The officers explained that Cole was given a warning and pointed his gun at one of the officers prior to being shot. *Id*.

The district court denied qualified immunity to the officers on the allegations that at least one officer fabricated evidence to cover up the true events. *Id*. at 763. The false statements of the officers caused Cole to be charged with the felony offense of aggravated assault on a public servant, which was subsequently dismissed. *Id*. at 764. In analyzing Cole's Fourth Amendment claim, the Court acknowledged that a Fourth Amendment claim for either a "false arrest" or "illegal detention" theory requires the relevant actors to be unaware of "facts constituting probable cause to arrest or detain the person for *any* crime." *Id*. at 764 (citing *Whittington v. Maxwell*, 455 F. App'x 450, 458-59 (5th Cir. 2011) and *O'Dwyer v. Nelson*, 310 F. App'x 741, 745 (5th Cir. 2009)). Because Cole was charged with the unlawful carrying of a weapon, for which there was probable cause, the Fifth Circuit found that Cole had not pled a violation of clearly established law as there was no clearly established Fourth Amendment violation. *Id*. at 765.

In assessing whether Cole sufficiently pled that the officer violated his clearly established right to due process when the officer allegedly lied to investigators to secure a false charge of

4

aggravated assault, the Court cited *Albright v. Oliver*, but distinguished that case in two different ways. First, although the defendant detective in *Albright* may have given "misleading" testimony, there was no suggestion that he deliberately fabricated evidence. Cole specifically alleged that the officer deliberately lied to get him charged to cover an unlawful use of force. Second, the Supreme Court in *Albright* considered the potential availability of a Fourth Amendment recourse, which that plaintiff had rejected. In *Cole*, his Fourth Amendment claim was found unavailing due to the existence of probable cause on another count. Indeed, the plaintiff in *Albright* chose to invoke the substantive due process clause, rather than the Fourth Amendment; whereas, Cole had no other option. *Id*. at 766.

The Court further evaluated other Circuit case law and agreed with the Second Circuit that "official framing of a person . . . undermines the right to a fair trial." *Id*. at 772 (citing *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997)). The Court noted:

> Being framed and falsely charged brings inevitable damage to the person's reputation, especially where, as here, the crime is a felony involving the threat of violence. Alongside the reputations damage, it requires a person framed to mount a defense, and places him in the power of a court of law, were he may be required to appear. Though these wrongs may be addressed through a Fourth Amendment challenge in many cases, they do no disappear where there is no violation of that amendment. Instead, where there is no more specific constitutional protection available, the Fourteenth Amendment may offer protection. . . . .
>
> The Fourteenth Amendment forbids what allegedly happened to Ryan Cole. Where police intentionally fabricate evidence and successfully get someone falsely charged with a felony to cover for their colleagues' actions, and the Fourth Amendment is unavailing, there may be a due process violation.

*Id*. at 772-73.

Here, the Fourth Amendment is unavailing to Kermit Rogers. Probable cause existed to arrest Rogers for possession of the 5.89 grams of crack cocaine found in his residence on the day

5

of the search, regardless of the legality of the discovery of the 189.73 grams of illegal narcotic found in the red truck. Therefore, Plaintiff may have a surviving due process claim under the Fourteenth Amendment if it could be shown that evidence provided by Howell and Warren was "deliberately fabricated" as opposed to merely "misleading."

Plaintiff's Fourteenth Amendment due process claim has been appropriately reconsidered. The Fifth Circuit has recognized that a Fourteenth Amendment substantive due process violation may occur where officers intentionally fabricate evidence and there is no recourse under the Fourth Amendment.

The City of Tupelo and Lee County, Mississippi (which includes Sheriff Jim H. Johnson, in his official capacity) sufficiently showed there was no genuine dispute of material fact that that municipalities could be held liable for any of Plaintiff's claims. Howell and Warren, however, failed to make argument that they were protected by qualified immunity as to the Fourteenth Amendment claim. Accordingly, the case will be reopened against Paul Howell and Samuel T. Warren with the only remaining claim being Plaintiff's Fourteenth Amendment substantive due process claim.[2]

2. <u>Judge Pat Carr Phone Conversation</u>

Rogers next claims that because the district court in the criminal matter did not have the benefit of Judge Carr's testimony regarding the alleged telephonic warrant exchange that this Court erred in considering it. Moreover, Rogers claims that because genuine issues of material fact surround the actual conversation, that summary judgment should not have been granted.

The record evidence in this case established that the phone call between Judge Carr and Warren occurred, regardless of rulings by other courts. The substance of the phone calls, while

---

[2] This ruling is not meant to foreclose any argument or motion as to whether a genuine issue of material fact exists that the officers deliberately fabricated reports and testimony, or whether the officers would be protected by qualified immunity.

6

disputed, is not a dispute of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The Court never made any findings or based any findings regarding the substance of the phone call. This argument was raised and disposed of in the Memorandum Opinion.

   3. Red Truck Registration

Rogers further argues that the red truck parked at the 320A CR 401 address in which officers found the bulk of narcotics was not registered to the 320 CR 401 address. In the Memorandum Opinion, the Court noted that the red truck was registered to Rogers at the 320 CR 401 address. Plaintiff failed to put forth any objection in the initial briefing that it was not registered at that address, despite Defendants' assurances. The Court will not reconsider matters which could have been urged at the summary judgment stage. Regardless of where the truck was registered, Plaintiff has failed to dispute that the red truck was registered in Kermit Rogers' name. Even if the truck were not registered to the specific address, the finding that the officers were objectively reasonable in searching the truck pursuant to the initial search warrant are still appropriate in light of the totality of the circumstances.[3]

   4. Malicious Prosecution

Rogers claims that there exist genuine issues of material fact concerning the prosecutors' motives in securing his conviction. Plaintiff failed to allege any actions on the part of the Defendants in this case in his actual prosecution, either in the initial briefing or on reconsideration. The Court will not reconsider its findings on this matter.

---

[3] For the first time, the County Defendants produced a printout alleged to be a registration report showing a 1999 red Chevrolet registered to Kermit Rogers at "320 RD 401." Because the report appears to have been generated after Rogers was detained, the Court has not used this evidence in the reconsideration. The Court stands behind its initial pronouncement in the Memorandum Opinion and Order.

*Conclusion*

Plaintiff's Motion for Reconsideration is DENIED in part and GRANTED in part. This case is REOPENED against Samuel Warren and Paul Howell, both in their individual capacities, and only as to Plaintiff's due process claim under the Fourteenth Amendment. As discovery has been completed, a motions deadline, final pretrial conference, and trial date will be set by separate order.

SO ORDERED, this the 28th day of March, 2016.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**