IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KERMIT O. ROGERS                                                               PLAINTIFF

V.                                              CAUSE NO.: 1:13CV243-SA-DAS

CITY OF TUPELO, MISS., ET AL.                                    DEFENDANTS

MEMORANDUM OPINION

The individual officer Defendants seek summary judgment on the final remaining claim on the basis of qualified immunity. For the reasons below, the motions for summary judgment [171, 173] are GRANTED.

*Factual and Procedural Background*

Kermit Rogers filed a fifty-one page complaint alleging violations of his Fourth and Fourteenth Amendments, as well as state law. This case was originally dismissed upon the Court's finding that the individual officers, Samuel T. Warren and Paul Howell, were entitled to qualified immunity for Plaintiff's Fourth Amendment unreasonable search and seizure claims as they were objectively reasonable in effectuating the search of the red truck. The Court noted that there was no viable Fourteenth Amendment due process claim for fabrication of evidence, no City or County liability under Section 1983, and that the individual officers were further protected from Plaintiff's state law claims under the police function exemption to the Mississippi Tort Claims Act. *See Rogers v. City of Tupelo, Miss.*, No. 1:13cv243-SA, 2015 WL 3450266 (N.D. Miss. May 29, 2015).

Plaintiff filed a Motion for Reconsideration, which the Court granted in part. *Rogers v. City of Tupelo, Miss.*, No. 1:13cv243-SA, 2016 WL 1249156 (N.D. Miss. Mar. 28, 2016). In particular, the Court held that a post-judgment Fifth Circuit case recognized that a Fourteenth

Amendment substantive due process violation may occur where officers intentionally fabricate evidence, and there is no recourse under the Fourth Amendment. Because Plaintiff's Fourth Amendment claims were found unavailing and the Fourteenth Amendment claims were summarily dismissed without reviewing their merits, the Court reopened this cause of action against the individual Defendants Samuel T. Warren and Paul Howell. Those Defendants have now properly filed motions for summary judgment on the basis of qualified immunity as to the surviving Fourteenth Amendment claims.

*Summary Judgment Standard*

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However,

"[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

*Discussion and Analysis*

The individual Defendants seek summary judgment on the basis of qualified immunity as to Plaintiff's reinstated Fourteenth Amendment claim. Of course, Section 1983 provides a remedy "to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Section 1983 claims may be brought against government employees "in their individual or official capacity . . . ." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009). But individual defendants may rely on the defense of qualified immunity. *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 436 (5th Cir. 2008). Generally, "qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). "Although nominally an affirmative defense, the plaintiff has the burden to negate the defense once properly raised." *Poole v. Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012) (citation omitted). The qualified immunity inquiry at the summary judgment stage requires the court to "recount the version of events most favorable to [the plaintiffs]." *Cole v. Carson*, 802 F.3d 752, 758 (5th Cir. 2015).

There are two steps in the Court's qualified immunity analysis. First, the Court determines whether the plaintiff "has adduced sufficient evidence to raise a genuine issue of material fact suggesting [the defendant's] conduct violated an actual constitutional right."

3

*Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Second, the Court must "consider whether [the defendant's] actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Id.* The Court has discretion to address either step first. *Pearson*, 555 U.S. at 236, 129 S. Ct. 808. "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Brumfield*, 551 F.3d at 326 (punctuation omitted).

As explained in the Memorandum Opinion on Reconsideration, the Fifth Circuit's recent case, *Cole v. Carson*, 802 F.3d 752 (5th Cir. 2015), provides the appropriate roadmap for the Court's determination of whether the Plaintiff has adduced sufficient evidence to raise a genuine issue of material fact suggesting that the individual officer's conduct violated the newly-recognized Fourteenth Amendment due process claim in this instance. In that case, officers were looking for a seventeen year old boy that was reportedly carrying weapons and acting aggressively. Three officers surrounded the boy, and two of the officers ended up firing shots at him. *Id.* at 755-56. After the shooting, the officers were given the opportunity to confer before making statements to the police investigators. *Id.* at 756. Based on those statements, the boy was charged with aggravated assault on a public servant. *Id*. In the civil suit against those officers, the boy's parents provided evidence contradictory to the statements made by police officers that the boy was never given a warning and did not point his gun at one of the officers prior to being shot. *Id.* at 763. Because there was probable cause to arrest the boy for *any* crime, the parents' Fourth Amendment false arrest or illegal detention failed.[1] *Id*. at 764-65.

The Fifth Circuit noted that a "victim of intentional fabrication of evidence by officials is denied due process when he is either convicted or acquitted." *Cole,* 802 F.3d at 768. Thus, "even

---

[1] The Court noted that under Texas law, it was unlawful to carry a weapon on one's person outside of their own property or en route to a motor vehicle. Accordingly, probable cause existed to arrest for unlawful carrying despite not being charged with that crime.

4

when a trial functions properly to vindicate a person's innocence, the 'manufacturing of evidence and knowing use of that evidence along with perjured testimony to obtain a wrongful conviction deprives a defendant of his long recognized right to a fair trial secured by the Due Process Clause.'" *Id*. at 767 (quoting *Boyd v. Driver*, 579 F.3d 513, 515 (5th Cir. 2009)). Indeed, the Court held the due process right "not to have police deliberately fabricate evidence and use it to frame and bring false charges against a person" exists. *Id.* at 771. However, the "[e]xecutive action must shock the conscience in order to violate substantive due process." *Id*. (citing *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 867 (5th Cir. 2012)). At the time of the charge, the Fifth Circuit found that no reasonable law enforcement officer would have thought it permissible to wrongfully charge someone for a crime he or she did not commit on the basis of deliberately fabricated evidence. *Id.* at 773. Therefore, the Court held that there was enough to determine that the plaintiff had pled a clearly established constitutional violation under the Fourteenth Amendment. *Id.* at 774.

Plaintiff contends that the individual Defendants violated the Fourteenth Amendment by fabricating evidence needed to pursue his prosecution. In particular, Plaintiff asserts that the police report stating that the red truck was "behind" the house involved in the search, instead of 200 yards behind said house, is such fabricated evidence.

The report was indisputably generated by Samuel T. Warren. In that report, Warren notes that search involved "the residence and vehicles found on the property." Further, he acknowledges that "agents also discovered approximately 236 grams of alleged crack cocaine . . . inside a Red Chevrolet truck . . . which was parked and locked on the property." At the suppression hearing held in the criminal matter, when asked directly by the Court under oath,

5

Warren testified that he "would say [the red truck] was parked behind 320, because I felt like that was all one property at the time, yes, sir."

Plaintiff here has not adduced sufficient evidence to raise a genuine issue of disputed fact to suggest that Samuel T. Warren's action in executing his written report violated an actual constitutional right. There has been no evidence presented that Warren knew the truck was not "on the property" until the date of the suppression hearing. The red truck was indisputably registered to Kermit Rogers, which Warren knew at the time of the search. After discovering the narcotics in the truck, Rogers himself admitted the drugs were solely his. The Court cannot say that in light of the totality of the circumstances, viewing the evidence in the light most favorable to Plaintiff, that Warren's report of the vehicle being "on the property" or "behind" the house was so extreme as to shock the conscience as required by the substantive due process clause. *Doe ex rel. Magee*, 675 F.3d at 867. Plaintiff has failed to provide any evidence that Warren's report noting the truck was "behind" the 320 property was intentionally fabricated or that his testimony in regards to that report was perjured in order to obtain a wrongful conviction.[2]

Plaintiff contends that whether the evidence was fabricated or "just a product of poor report writing" is a question for the jury. However, as the Supreme Court has made clear, actions under § 1983 must be based on constitutional violations, not mere negligence. *Daniels v. Williams*, 474 U.S. 327, 332–33, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). Regardless of whether an actual constitutional violation is evidenced here, however, the Court finds that Warren's comments in his investigative report were objectively reasonable. As testified by Warren, the building denoted as 320A appeared to be an outbuilding at which a red truck registered to Kermit

---

[2] Plaintiff contends that under Fifth Circuit precedent that it is immaterial whether the evidence was intentionally misrepresented. However, the Fifth Circuit precedent recognizing this claim, *Cole v. Carson,* 802 F.3d at 771, explicitly recognizes that the constitutional right is one to not have police "deliberately fabricate evidence and use it to frame and bring false charges against a person." Therefore, the intentional and deliberate fabrication of evidence is necessary for this cause of action.

Rogers was parked. A call to the warrant-issuing judge confirmed that the outbuilding was covered by the search warrant. Later, Rogers claim the narcotics found in the red truck as his. Based on the record developed in this case, it appears Warren's representation that the red truck was "behind" the properly-searched house was more a "mistaken judgment" or negligent representation, as opposed to an intentional fabrication. *See Brumfield*, 551 F.3d at 326. Accordingly, the Court additionally holds that Warren was objectively reasonable in listing the red truck as being located "behind" the properly searched property, despite the later discovered fact that the truck was parked at a separately-addressed property. Thus, Plaintiff has failed to show that Warren was "plainly incompetent" or "knowingly violate[d] the law" such that qualified immunity should not extend to him. *Id.*

Paul Howell asserts that he cannot be liable under Section 1983 because there is no evidence that he was personally involved in any of the alleged constitutional violations. "Under § 1983, a supervisory official may be held liable only if (1) [he] affirmatively participates in the acts that cause the constitutional deprivation, or (2) [he] implements unconstitutional policies that causally result in the constitutional injury." *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). There is no dispute that the phrase "behind" the house appeared in Samuel T. Warren's report, that Paul Howell did not make a written report, and Howell did not orally testify as to the placement of the truck at any court proceeding. Accordingly, Plaintiff has failed to create a genuine issue of material fact as to Paul Howell's involvement, and the Fourteenth Amendment claim against him is due to be summarily dismissed.

*Conclusion*

Qualified immunity is properly extended to the individual officer Defendants on the Fourteenth Amendment substantive due process claim that the police report mistakenly reported

that the red truck was "behind" the property subject to the search warrant.  Not only has Plaintiff failed to show that such representation was an intentional fabrication or perjury of any sort, he has also failed to show that the officers were not objectively reasonable in its mistaken assertion regarding the placement of the truck.

Defendants' motions for summary judgment [171, 173] are GRANTED, the Plaintiff's claims are DISMISSED, and this case is CLOSED.

SO ORDERED, this the 13th day of July, 2016.

                                         **/s/ Sharion Aycock**
                                         **U.S. DISTRICT JUDGE**